762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
A.G. CAMPBELL & CO., INC., PLAINTIFF-APPELLEE,
v.
CHEMICAL SEPARATIONS CORP., DEFENDANT-APPELLANT.
 NO. 83-5728, 84-5066
 United States Court of Appeals, Sixth Circuit.
 3/27/85
 
 On Appeal from the United States District Court for the Eastern District of Tennessee
 BEFORE: KEITH and MARTIN, Circuit Judges, and PORTER*.
 PER CURIAM:
 
 
 1
 Appellant Chemical Separations Corporation (Chem Seps) appeals from two district court orders affirming judgments entered by the United States Bankruptcy Court for the Eastern District of Tennessee. These consolidated appeals arise from a breach of contract action originally filed in Tennessee Chancery Court by the appellee, A. G. Campbell & Co., Inc. against Chem Seps. As a means of securing the indebtedness allegedly due to it from Chem Seps, Campbell moved the chancery court for a writ of ancillary attachment on Chem Seps' funds. On June 21, 1982 the chancery court granted Campbell's motion and ordered Chem Seps' bank account attached pursuant to Tenn. Code Ann. Sec. 29-6-101(2).
 
 
 2
 Che Seps immediately posted bond to release the attached funds but did not challenge the order of attachment until four months later. On October 15, 1982 Chem Seps filed in the chancery court a motion to quash the order of attachment, a motion to release the surety bond and a counterclaim for injury resulting from the attachment. That same day, Chem Seps also filed a Chapter 11 petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Tennessee. Five weeks later on November 27, 1982, Campbell filed an unsecured claim for $106,408 in Chem Seps' bankruptcy case. On December 2, 1982, Chem Seps obtained removal of the breach of contract and attachment disputes to the Bankruptcy Court.
 
 
 3
 On April 14, 1983, after hearings on both actions, the Bankruptcy Court determined that the order of attachment levied against Chem Seps' bank account had been properly issued under Tennessee law; and that Campbell was entitled to a judgment of $108,639.09 on its breach of contract action, including a $6,871.37 offset for Chem Seps on its ounterclaims. See Judgment and Memorandum of Bankruptcy Court Joint Appendix at 69-115. Chem Seps appealed the judgments entered by the bankruptcy court to the United States District Court for the Eastern District of Tennessee. The district court affirmed both judgments after determining that the writ of attachment had been properly issued under Tennessee law and that no error occurred in the bankruptcy court's adjudication of the breach of contract claims and counterclaims.
 
 
 4
 On Appeal, Chem Seps requests this Court to rule that (1) the writ of attachment was illegally issued, and therefore, the surety bond which was substituted for the attached property should be released, and (2) that the lower courts erred in not awarding Chem Seps damages to the extent proven in connection with the failure of Campbell to assemble, mark and tag the regeneration skid, to functionally test the equipment and valves, to discover the improper fit of the interconnecting piping and to properly care for the valves which were in its custody and control. Further, Chem Seps requests the court find that it is entitled to damages of $2,865.68 for the wrongful attachment of its property, $15,242.70 for Campbell's breach in connection with the work on the regeneration skid, $3,015.78 in connection with the interconnecting piping and $14,123.78 for the losses sustained because of the damage to the valves. Appellant's Brief at 37.
 
 
 5
 We decline to so rule. In our view, no basis exists for this Court to overrule the determination of the Tennessee Chancery Court for Hamilton County that under Tennessee Code Annotated Sec. 29-6-101(2) a writ of ancillary attachment against Chem Seps' bank account should be issued to cover Chem Seps' impending removal of $250,000 in equipment from Tennessee. We affirm the judgments below for all issues on the basis of the extensive and well reasoned opinions entered by the United States District Court for the Eastern District of Tennessee and the United States Bankruptcy Court for the Eastern District of Tennessee. See Joint Appendix Volume I pp. 43-131. The judgment of the Honorable Robert L. Taylor is hereby affirmed.
 
 
 
 *
 Honorable David S. Porter, United States District Court for the Southern District of Ohio, sitting by designation